

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES  
SUFFOLK REGIONAL OFFICE

Hon. Gary R. Brown  
United States District Court for the Eastern District of New York  
100 Federal Plaza  
Central Islip, N.Y. 11722

August 22, 2022

    Re:    **Vanchoff, et al. v. James, et al.**  
              Docket No.: 2:22-cv-04075 (Brown, J.) (Tiscione, M.J.)

Dear Judge Brown:

    This Office represents Attorney General Letitia James, sued in her official capacity, and Kevin P. Bruen, sued in his official capacity as Superintendent of the New York State Police ("State Defendants"). We write in accordance with Your Honor's Individual Practice Rules to outline the arguments that State Defendants intend to raise in their motion to dismiss the Amended Complaint ("AC") pursuant to Fed. R. Civ. P. 12. and request a pre-motion conference.

    In this action, Plaintiffs—three individuals who desire to "keep and bear . . . AR-15 style rifle[s]," as well as the Firearms Policy Coalition ("FPC"), an advocacy organization—bring a facial Second Amendment challenge to Penal Law § 265.00(22)(a)-(h) ("Statute"), New York's legislation prohibiting deadly assault weapons like those used in the Parkland, Buffalo, and Uvalde massacres. Although the Statute has been upheld by the Second Circuit, *see N.Y.S. Rifle and Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242 (2d Cir. 2015) ("*Cuomo*"), Plaintiffs argue that the Supreme Court's recent decision in *NYSRPA v. Bruen*, 142 S. Ct. 2111 (2022) now entitles them to broad declaratory and injunctive relief under 42 U.S.C. § 1983. Plaintiffs, however, lack standing to pursue this claim. In addition, neither State Defendant is a proper party to this suit.

    **FPC Lacks Standing.** FPC alleges only that it "brings this action *on behalf of its members*," seeking to protect *their* rights, AC ¶ 11, but it is settled in the Second Circuit that when an organizational litigant seeks to vindicate the rights of its members under § 1983 it cannot establish standing based on its members' injuries. Rather, § 1983 requires that the organizational litigant in that circumstance allege that *it* sustained an injury-in-fact sufficient to satisfy the standing requirements of Article III of the U.S. Constitution. *See N.Y.S. Citizens' Coalition for Children v. Poole*, 922 F.3d 69, 74-75 (2d Cir. 2019) ("[O]rganizations suing under [§] 1983 must, without relying on their members' injuries, assert that their own injuries are sufficient to satisfy Article III's standing requirements."). Here, FPC fails to allege any injury to itself, meaning it has no separate standing to sue on its own behalf.

    **The Individual Plaintiffs Lack Standing.** To demonstrate standing for this pre-enforcement challenge, each individual Plaintiff must allege both a cognizable injury—i.e., a concrete intention to violate the law and a credible threat of prosecution if they were to do so. *See Adam v. Barr*, 792 F. App'x 20, 21-22 (2d Cir. 2019). They do neither.

First, the individual Plaintiffs do not allege that they desire to purchase firearms prohibited by the Statute. Vanchoff and Cross allege only that they desire "an AR-15 style rifle," and Leizerovici, a "Palmetto State Armory custom rifle," to use "for lawful purposes, especially home defense and target shooting." AC ¶¶ 39-41. But these rifles are legal in New York and Plaintiffs can buy one today.[1] A semiautomatic rifle like an AR-15 does not meet the definition of an assault weapon in Penal Law § 265.00(22) unless it can accept detachable magazines and has one or more military-style features (such as a telescoping stock, foregrip, or flash suppressor). *See also Cuomo*, 804 F.3d at 260 (New York "ban[s] only a limited subset of semiautomatic firearms, which contain one or more enumerated military-style features"). The individual Plaintiffs do not allege any plan to purchase weapons with these features, meaning they are asking the Court to strike down a statute that will not impact them.[2]

Second, the individual Plaintiffs do not allege a concrete intent to violate the law. Even if Plaintiffs had alleged that they wish to purchase weapons prohibited by New York law, such "'some day' intentions—without any description of concrete plans, or indeed even any specification *when* the some day will be—do not support a finding of the actual or imminent injury' that is required." *Frey v. Bruen*, No. 21-cv-05334, 2022 U.S. Dist. Lexis 31053, *12-13 (S.D.N.Y. Feb. 22, 2022) (plaintiffs challenging firearms lack standing law even when they alleged that they "intend to" carry firearms unlawfully, where they did not allege "concrete plans" to do so).

Third, the individual Plaintiffs do not allege a credible threat of prosecution by State Defendants. None of them alleges that the challenged statute has ever been enforced against him in the past, or that he has ever been threatened with prosecution. In the absence of such allegations, the individual Plaintiffs are essentially asking the Court to issue an advisory opinion. *See Does v. Suffolk Cty.*, 2022 U.S. App. Lexis 19094, at *6 (2d Cir. July 12, 2022) (summary order) (affirming this Court's finding of no standing even where plaintiffs had received letters from police ordering surrender of their firearms); *Frey*, 2022 U.S. Dist. Lexis 31053, at *13 (no standing for plaintiffs challenging firearm law when plaintiffs did not allege "any facts showing that they have been prosecuted in the past or have been threatened with enforcement").[3]

**James and Bruen are Not Proper Defendants.** Plaintiffs also do not plausibly allege an injury "fairly traceable" to any actions of the specific State Defendants, a pleading deficiency that independently negates standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). For similar reasons, Eleventh Amendment immunity precludes suit against the State Defendants, who have been named in their official capacities; *Ex Parte Young* is inapplicable because Plaintiffs have not alleged, as they must, that the State Defendants have "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *See Kelly v. N.Y. State Civil Service Com'n*, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26, 2015). A general ability or obligation to enforce state laws is not sufficient to pierce Eleventh Amendment immunity, *see Citizens Union of the City of N.Y. v. Attorney General of N.Y.*, 2017 U.S. Dist. Lexis 97514, at *9 (S.D.N.Y. June 23, 2017), and that is all Plaintiffs have alleged. *See* AC ¶¶ 12-13. State Defendants thank the Court for its review of this request.

Respectfully,

Patricia Hingerton & Robert E. Morelli

cc: Counsel for all Parties via ECF          Assistant Attorneys General

---

[1] As of Sept. 1, 2022, New York's firearm licensing requirement—which previously applied only to handguns, short-barreled rifles, and shotguns—will apply to semiautomatic rifles as well. *See* 2022 N.Y. Laws ch. 371 § 2. But Plaintiffs do not allege that they would not qualify for licenses.

[2] Given that Plaintiffs have only alleged a desire to acquire a semiautomatic rifle, they have no standing to challenge the ban on semiautomatic or revolving cylinder shotguns, semiautomatic pistols, or assault weapons that fall within the grandfather provisions of the Statute. *See* Penal Law § 265.00(22)(b)-(f).

[3] Plaintiffs' suit is not constitutionally ripe for the same reasons, which also requires dismissal. *See, e.g., Young Advocs. for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 238 (E.D.N.Y. 2019).