

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Hon. Sylvia O. Hinds-Radix
*Corporation Counsel*

Nicholas R. Ciappetta
Administrative Law and Regulatory Litigation Division
(212) 356-4036
nciappet@law.nyc.gov

August 23, 2022

**BY ECF**
Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 940
Central Islip, NY 11722

  Re: David Vanchoff, *et. al* v. Letitia James, *et al.*, 22 CV 4075 (GRB)(ST)

Dear Judge Brown:

  I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter on behalf of Defendant Eric Gonzalez, District Attorney for Kings County (District Attorney Gonzalez), sued herein in his official capacity, in accordance with Section II(f) of your Honor's Individual Practice Rules, to request a pre-motion conference in anticipation of filing a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

  Plaintiffs, three natural persons and one nonprofit organization, filed this action seeking a declaratory judgment and preliminary and permanent injunctive relief concerning the State of New York's ban on the acquisition and possession of assault weapons as that term is defined in New York Penal Law (Penal Law) § 265.00(22). As Plaintiffs acknowledge, this restriction was previously upheld by the Second Circuit Court of Appeals in New York State Rifle & Pistol Ass'n, Inc. v. Cuomo, 804 F.3d 242 (2d Cir. 2015). Plaintiffs seek to relitigate this issue based on the recent decision by the United States Supreme Court in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 597 U.S. ___, 2022 U.S. LEXIS 3055 (2022).

---

[1] Upon information and belief, it does not appear that District Attorney Gonzalez has been properly served in accordance with Federal Rule of Civil Procedure 4.

The Amended Complaint is devoid of a single allegation against District Attorney Gonzalez, and he is named herein simply because he has the authority to charge someone who violates the ban on assault weapons. Regardless, the Amended Complaint is fatally flawed because no plaintiff can establish Article III standing.

Plaintiff Firearms Policy Coalition, Inc. (FPC) unequivocally states that it brings this action "on behalf of its members…." Amended Complaint at ¶ 11. Thus, FPC is clearly asserting associational standing based on injuries to its members rather than the entity itself. The Second Circuit, however, has clearly foreclosed such a claim where, as in this case, the organization sues under 42 U.S.C. §1983. See Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also New York State Citizens' Coal. for Child. v. Poole, 922 F.3d 69, 74-75 (2d Cir. 2019) ("[T]his Court has held that organizations suing under Section 1983 must, without relying on their members' injuries, assert that their own injuries are sufficient to satisfy Article III's standing requirements."). Since FPC asserts no injuries of its own, it lacks standing and its claims must be dismissed.

The individual plaintiffs attempt to plead standing fares no better. Initially, it should be noted that the definition of "assault weapon" in Penal Law § 265.00(22) covers certain semiautomatic rifles, semiautomatic shotguns, and semiautomatic pistols based on features of the weapon, such as a bayonet mount or flash suppressor. The individual plaintiffs do not allege that they desire to purchase semiautomatic shotguns or semiautomatic pistols. Nor do they describe the type of banned feature(s) that would bring their assault weapon of choice within the ambit of Penal Law § 265.00(22). As such, their request for declaratory and injunctive relief paints with far too broad of a brush.[2]

The individual plaintiffs' pre-enforcement challenge appears to base standing on the threat of prosecution for possession of a banned assault weapon. While such claims are cognizable, the threatened injury must be "sufficiently imminent." Adam v. Barr, 792 Fed. Appx. 20, 21 (2d Cir. 2019) (citing Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014)). The Amended Complaint does not meet this standard because there are no allegations that the individual plaintiffs have concrete plans to violate the Penal Law. Secondly, there are no facts in the Amended Complaint to show a credible threat of prosecution – there are no allegations that the individual plaintiffs have been prosecuted in the past or have been threatened with enforcement of the statutes at issue herein. Therefore, they have not shown an injury in fact for standing. Similar challenges to banned weapons have been dismissed where plaintiffs likewise failed to allege facts to support an actual or imminent injury. See Frey v. Bruen, 2022 U.S. Dist. LEXIS 31053 (S.D.N.Y. Feb. 22, 2022); Does v. Suffolk Cnty., 2022 U.S. App. LEXIS 19094 (2d Cir. June 25, 2021); Sibley v. Watches, 501 F. Supp. 3d 210 (W.D.N.Y. 2020).[3]

---

[2] Plaintiff Vanchoff, for example, only alleges a desire to purchase an assault weapon, "particularly an AR-15 style rifle…." See Amended Complaint at ¶ 39.

[3] The claims by Plaintiffs David Vanchoff and Andrew Cross are even more conjectural. As neither resides in Kings County, the threat of prosecution by District Attorney Gonzalez is remote.

For the reasons stated above, this Office requests a pre-motion conference on behalf of District Attorney Gonzalez to discuss a motion on the grounds set forth above. Thank you in advance for your consideration of this matter.

Respectfully submitted,

Nicholas Ciappetta
Senior Counsel