**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
County Attorney

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

August 24, 2022

VIA ECF
Hon. Gary R. Brown
Judge of the United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Vanchoff, et. al. v James, et. al.
    Docket No.: 2:22-cv-04075 (GRB/ST)

Dear Judge Brown:

    This office represents Anne T. Donnelly, sued in this action in her official capacity as District Attorney for Nassau County ("Nassau DA") pursuant to 42 U.S.C §1983. This letter is submitted pursuant to the Court's Individual Practice Rules to request a pre-motion conference with respect to our intention to move to dismiss this action as against the Nassau DA pursuant to Fed. Rule Civ. P. 12(b)(1) and (6).

    As set forth in the August 22, 2022 pre-motion conference filed on behalf of the State Defendants [DE 25] and the August 23, 2022 pre-motion conference letter filed on behalf of the Kings County District Attorney[DE 28], both the organizational and individual plaintiffs lack standing to bring this action and for the sake of brevity, the State Defendants' arguments and the arguments submitted on behalf of the Kings County District Attorney are incorporated by reference herein.

    In addition to plaintiffs' lack of standing to bring this action, the Nassau DA is not a proper party to this action which presents a facial challenge to the validity of a state law and does not allege that any Nassau County policy, custom or practice is at issue in this case. Importantly, none of the individual plaintiffs have alleged that they have been prosecuted by the Nassau DA or threatened with prosecution by the Nassau DA. Thus, plaintiffs cannot satisfy the test set forth by the Second Circuit in *Vives v. City of N.Y.*, 524 F.3d 346 (2d Cir. 2008) for determining the inflection point at which enforcement of a state law becomes a municipal policy: (1) whether the municipality had a meaningful choice as to whether it would enforce the state law; and (2) if so, whether the municipality adopted a discrete policy to enforce the state law that represented a conscious choice by a municipal policymaker. *Vives v. City of N.Y.*, 524 F.3d at 352. See also, *Juzumas v. Nassau Cty.*, 33 F.4th 681 (2d Cir. 2022).

Moreover, even if the complaint did contain allegations that the Nassau DA made a conscious choice to enforce a state law and adopted a discrete policy to do so, decisions whether to prosecute a person for a violation of the Penal Law involve the Nassau DA's prosecutorial function for which she is absolutely immune from suit.  Further, when prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State, not the county, and cannot be liable under §1983. *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). While the Second Circuit has recognized certain exceptions where acts of a County District Attorney may give rise to municipal liability, see, *Bellamy v. City of N.Y.*, 914 F.3d 727, 757-758 (2d Cir. 2019), none of those exceptions are applicable here because there are no allegations that would support a claim against the Nassau DA as a County actor rather than as a State actor. Hence, the Nassau DA, sued herein in her official capacity is entitled to immunity under the Eleventh Amendment. *See, Faison v. Maccarone*, No. 11-CV-0137 (JFB) (ETB), 2012 U.S. Dist. LEXIS 27330, at *30 (E.D.N.Y. Mar. 1, 2012).

Therefore, based on the foregoing it is respectfully submitted that the Nassau DA should be permitted to proceed with a motion to dismiss.

THOMAS A. ADAMS
Nassau County Attorney

BY: *Laurel R. Kretzing*
LAUREL R. KRETZING
Deputy County Attorney
1 West Street
Mineola, NY  11501
lkretzing@nassaucountyny.gov
(516) 571-3012

Cc:    All Counsel via ECF

2