
**COUNTY OF SUFFOLK**

**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. COHEN**
COUNTY ATTORNEY

**DEPARTMENT OF LAW**

August 25, 2022

**BY ECF**
The Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 940
Central Islip, New York 11722

Re: David Vanchoff, *et al.*, v. Letitia James, *et al.*
Docket No.: 2:22-cv-04075 (Brown, J.) (Tiscione, M.J.)

Dear Judge Brown:

I am an attorney in the office of Dennis M. Cohen, County Attorney for the County of Suffolk, State of New York. My office represents Defendant Raymond A. Tierney, District Attorney for Suffolk County ("District Attorney Tierney"), sued in his official capacity. I write in accordance with Your Honor's Individual Practice Rules to request a pre-motion conference and outline the arguments that District Attorney Tierney intends to raise in his motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12.

In the wake of the U.S. Supreme Court's recent decision in *N.Y.S. Rifle and Pistol Ass'n, Inc.* (hereinafter "NYSRPA") *v. Bruen*, 142 S. Ct. 2111 (2022), Plaintiffs – three individuals and the Firearms Policy Coalition ("FPC"), a nonprofit organization – filed this 42 U.S.C. § 1983 action. The action challenges New York State Penal Law § 265.00(22) and related legislation and seeks declaratory and injunctive relief. Plaintiffs acknowledge that the U.S. Court of Appeals, Second Circuit, in *NYSRPA v. Cuomo*, 804 F.3d 242 (2d Cir. 2015), previously upheld the laws at issue against a Second Amendment challenge. Plaintiffs lack standing to pursue these claims, and District Attorney Tierney is not a proper party to this suit.

The FPC lacks standing because it alleges only that it "brings this action on behalf of its members." Amended Complaint at ¶ 11. It is well settled in the Second Circuit that, in a 42 U.S.C. § 1983 action, an organizational litigant cannot establish standing merely predicated upon its members' alleged injuries. See *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011). Instead, "organizations suing under Section 1983 must, without relying upon their members' injuries, assert that their own injuries are sufficient to satisfy Article III's

**COUNTY OF SUFFOLK**

**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DENNIS M. COHEN**
COUNTY ATTORNEY

**DEPARTMENT OF LAW**

standing requirements." *New York State Citizens' Coal. for Children v. Poole*, 922 F.3d 69, 74-75 (2d Cir. 2019). As the FPC does not assert such injuries, its claims must be dismissed.

The three individual Plaintiffs also lack standing in this pre-enforcement challenge as they do not allege the threat of imminent injury – that these Plaintiffs "intend[] to engage in conduct proscribed by a statute, and 'there exists a credible threat of prosecution thereunder.'" *Adam v. Barr*, 792 F. Appx. 20, 22. (2d Cir 2019) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). For the sake of brevity, this letter incorporates by reference herein the arguments of Defendants New York State Attorney General Letitia James, New York State Police Superintendent Kevin P. Bruen, and Kings County District Attorney Eric Gonzalez in their pre-motion-conference letters [DE 25 and 28]. Accordingly, the individual Plaintiffs' claims must be dismissed.

District Attorney Tierney is not a proper party to this suit. Plaintiffs do not plausibly allege an injury "fairly traceable" to any actions of District Attorney Tierney, a deficiency that negates standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). For the sake of brevity, this letter incorporates by reference herein the Eleventh Amendment arguments of Defendant New York State Attorney General Letitia James, in her pre-motion conference letter, as applied to District Attorney Tierney, who has been named in his official capacity. [DE 25.] Moreover, incorporating by reference herein the quasi-judicial-immunity arguments of Defendant Nassau District Attorney Anne T. Donnelly in her pre-motion-conference letter, as applied to District Attorney Tierney, District Attorney Tierney is immune from 42 U.S.C. § 1983 actions. [DE 30.] The claims against District Attorney Tierney must be dismissed.

Thank you very much for your consideration.

Very respectfully,

/s/ Marc A. Lindemann
Marc A. Lindemann
Assistant County Attorney

CC: Counsel for all Parties via ECF

**LOCATION**
**H. LEE DENNISON BLDG.**
**100 VETERANS MEMORIAL HIGHWAY**

■

**MAILING ADDRESS**
**P.O. BOX 6100**
**HAUPPAUGE, NY 11788-0099**

■

**(631) 853-4049**
**TELECOPIER (631) 853-5169**